1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT YOUNG, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>KEYSTONE RV COMPANY,<br><br>   Defendant. | Case No. 1:24-cv-00608-KES-SAB<br><br>ORDER DISCHARGING NOVEMBER 22, 2024 ORDER TO SHOW CAUSE AND ORDERING DISPOSITIONAL DOCUMENTS<br><br>(ECF No. 8)<br><br>**DEADLINE: DECEMBER 13, 2024** |

On October 31, 2024, the parties filed a notice of settlement, and the Court gave the parties 21 days to file dispositional documents. (ECF Nos. 6, 7.) The parties failed to timely file dispositional documents. The Court entered an order to show cause, ordering the parties to submit in writing why sanctions should not issue for failure to file dispositional documents by the 21-day deadline. (ECF No. 8.) On November 25, 2024, the parties timely filed their response to the order to show cause. (ECF No. 9.) The parties state that the terms of their settlement agreement involve repairs to a trailer that is subject to the lawsuit and that there have been delays in carrying out those repairs. (Id.)

To begin with, the Court advises the parties that once the terms of a settlement agreement are finalized and the settlement agreement is signed by the parties, dismissal of this action is not dependent on performance of the agreement but rather the settlement itself. Therefore, delay in

repairs is generally not a cognizable reason for failure to file dispositional documents by the deadline imposed by the Court.

More troubling, this is the second time the Court has had to issue an order to show cause due to the parties' inaction.  On October 31, 2024, the Court issued an order to show cause as to why monetary sanctions should not be imposed for the parties' failure to file a joint scheduling report.  (ECF No. 5.)  Later that day, the parties filed a notice of settlement, ignoring the Court's order for the parties to provide an explanation.  (ECF No. 6.)  Despite this fact, which the Court highlighted, the Court vacated the October 31, 2024 order to show cause and gave the parties 21 days to file dispositional documents.  (ECF No. 7.)  The Court explicitly stated that "[a]ny additional request for extension of time to file dispositional documents must be supported by good cause."  (Id.)  However, instead of moving for an extension, the parties, as mentioned above, failed to file anything by the 21-day deadline.  On November 22, 2024, the Court again issued an order to show cause (ECF No. 8), again wasting the Court's time because the parties failed to follow basic court orders.

The Court is charitable in the parties' misunderstanding that dismissal of this action is not dependent on performance of the agreement but rather the settlement itself.  However, that misunderstanding is not an excuse to fail to meet a deadline or file for an extension where appropriate.  Going forward, the Court admonishes the parties that they must comply with all future court orders.  Should the parties fail to do so, the Court will consider imposing a sanction of $50.00 per day on each party until compliance with its order is achieved.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, it is HEREBY ORDERED that:

1. The Court's November 22, 2024 order to show cause (ECF No. 7) is DISCHARGED;

2. The parties shall have through **December 13, 2024**, to file dispositional documents. Any additional request for extension of time to file dispositional documents must be supported by good cause.

IT IS SO ORDERED.

Dated:   **November 26, 2024**

STANLEY A. BOONE
United States Magistrate Judge