# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT YOUNG, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KEYSTONE RV COMPANY, <br><br> Defendant. | Case No. 1:24-cv-00608-KES-SAB <br><br> ORDER REQUIRING PARTIES TO PAY SANCTIONS OF $50 PER DAY <br><br> (ECF No. 10) |

**I.**

**BACKGROUND**

A mandatory scheduling conference was set in this action for November 5, 2024. (ECF No. 3.) The deadline to file the parties' joint statement was October 28, 2024. The parties failed to file a joint statement. On October 31 2024, the Court ordered the parties to show cause in writing why monetary sanctions should not issue for failing to file a joint scheduling report. (ECF No. 5.) On October 31, 2024, Plaintiffs filed a notice of settlement. (ECF No. 6.) Therein, Plaintiffs represented that "Plaintiffs and Defendant will submit an agreed motion of dismissal with prejudice within 21 days." (Id.) On November 4, 2024, the Court issued an order discharging the order to show cause, vacating all matters, and requiring that the parties file dispositional documents within twenty-one days of the filing of the notice of settlement, or by November 21, 2024, as requested by the parties. (ECF No. 7.)

1

As of November 22, 2024, the parties had not filed any dispositional documents. Accordingly, the Court issued an order to show cause why monetary sanctions should not issue for the failure to comply with the Court's order to file dispositional documents. (ECF No. 8.)

On November 25, 2024, the parties filed a response which stated that carrying out specific repairs to the subject trailer is the cause of the delay in filing dispositional documents. (ECF No. 9)  The parties did not file dispositional documents or otherwise request an extension of time to do so.

On November 26, 2024, the Court discharged the order to show cause and *sua sponte* granted an extension of time, ordering that the parties to file dispositional documents on or before December 13, 2024.  (ECF No. 10.)  Therein, the Court admonished the parties that they must comply with all future court orders and "[s]hould the parties fail to do so, the Court will consider imposing a sanction of $50.00 per day on each party until compliance with its order is achieved." (Id. at 2.)

The December 13, 2024 deadline has passed, and the parties have filed no dispositional documents nor made any request for an extension of the deadline.

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1.  To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. See, e.g., Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).  Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court.  Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980).  In

order to coerce a defendant to comply with the Court's orders, the Court may issue sanctions for every day the defendant fails to respond to the Court's orders to show cause. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." Id.

### III.

### DISCUSSION

Here, the parties have repeatedly failed to comply with the Court's orders, most recently, the Court's November 26, 2024 order requiring dispositional documents to be filed on or before December 13, 2024. (ECF No. 10.) The Court has already issued two orders to show cause in this action. In those orders, the Court has admonished the parties that they must comply with court orders. The parties, however, continue to disregard orders by the Court. The Court has cautioned the parties that it would consider imposing a sanction of $50.00 per day on each party until compliance with a future order is achieved. (ECF No. 10.) Given the parties' repeated failures to comply with court orders despite prior admonishment and advisement future failure may result in the imposition of daily sanctions, the Court finds that monetary sanctions are appropriate to compel the parties to comply with this Court's orders. Therefore, a daily sanction shall be imposed to compel the parties to comply. The parties shall pay a sanction of $50.00 for each day that the parties fail to file dispositional documents or other response to the November

26, 2024 deadline as ordered to do so. A $50.00 sanction shall be jointly and severally imposed on the parties beginning at 5:00 p.m. on December 16, 2024, and shall continue to be imposed each day thereafter until dispositional documents or another filing addressing the Court's November 26, 2024 order are filed. <u>Any other filing must include an explanation for the parties' most recent failure to comply with this Court's order and any requests made therein must be supported by good cause.</u> The daily deadline for sanctions shall expire at the close of business each day, 5:00 p.m. (PST).

### IV.

### ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiffs and Plaintiffs' counsel and Defendant and Defendants' counsel shall jointly and severally be obligated to pay the Clerk of the Court **$50.00 per day via cashier's check beginning at 5:00 p.m. on December 16, 2024**, until dispositional documents or another filing addressing the Court's November 26, 2024 order are filed.

IT IS SO ORDERED.

Dated:  **December 16, 2024**

STANLEY A. BOONE
United States Magistrate Judge